# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RUFUS WEST,

                Plaintiff,

        -vs-                        Case No.   07-C-624

LAURA HALLET, et al.,

                Defendants.

## ORDER

      Plaintiff Rufus West, a state prisoner at all relevant times, filed this *pro se* civil rights action under 42 U.S.C. § 1983. He filed a motion for leave to proceed *in forma pauperis*, which the court denied because the plaintiff had incurred three "strikes" under 28 U.S.C. § 1915(g). The plaintiff failed to pay the remainder of the $350 filing fee due and, consequently, the court dismissed the plaintiff's complaint. The plaintiff filed a motion for reconsideration, which the court also denied. The plaintiff then filed a notice of appeal; he was denied leave to appeal *in forma pauperis* by this court and the United States Court of Appeals for the Seventh Circuit. Now before the court is the plaintiff's motion to amend, modify or set aside judgment and his motion to supplement his complaint.

      The plaintiff relies on *Turley v. Gaetz*, 625 F.3d 1005 (7th Cir. 2010), to argue that this court improperly found that he had "strikes" for claims dismissed in cases which were

not dismissed in their entirety. In *Turley*, the Seventh Circuit has clarified that prisoners only incur a strike when a "case is dismissed in its entirety based on the grounds listed in § 1915(g)." *Id.* at 1012. The plaintiff submits that, given the Seventh Circuit's holding in *Turley*, he did not incur strikes for *West v. Hautamaki*, Case No. 03-C-0017 (E.D. Wis.), *West v. Kussmaul*, Case No. 06-C-0068 (E.D. Wis.), or *West v. Endicott*, Case No. 06-C-0763 (E.D. Wis.), because in each of those cases, other claims survived screening and went on to resolution either on motions for summary judgment or at trial.

However, *Turley* does not change the application of *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), and *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), to prisoner complaints. Under the controlling principle of Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George*, 507 F.3d at 607. Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.* Moreover, the court in *George* reminded district courts that Federal Rule of Civil Procedure 20 also applies as much to prisoner cases as it does to any other case. *Id.* Rule 20 provides that joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Where

2

improperly joined claims are presented in one complaint, each improperly joined claim constitutes a separate action, and it is proper to assess a strike when such actions are dismissed. *George*, 507 F.3d at 607-08.

In an Order dated February 8, 2010, the Seventh Circuit denied the plaintiff's motion for leave to appeal *in forma pauperis* in three separate appeals. It considered the plaintiff's earlier cases in light of *George* and found that this court had properly noted strikes in three cases. The court acknowledged the plaintiff's challenge to the *George* decision, but concluded:

> West, however, has a history of bringing numerous complaints against a vast number of defendants and asserting a wide assortment of claims, which [is] precisely the type of strategy George intended to stop. West's strategy of including multiple, unrelated claims is clearly designed to avoid the three-strikes bar.

*West v. Overbo, et al.*, No. 08-2928, (7th Cir. Feb. 8, 2010. The Seventh Circuit's decision in *Turley* does not change the conclusion of this court and the Seventh Circuit that the plaintiff was not allowed to proceed *in forma pauperis*. Thus, the plaintiff has not presented grounds justifying relief from judgment under Rule 60(b).

**IT IS THEREFORE ORDERED** that the plaintiff's motion to amend, modify or set aside judgment (Docket #19) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to supplement his complaint (Docket #20) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for preliminary

3

injunction (Docket #21) is **denied**.

Dated at Milwaukee, Wisconsin, this 29th day of July, 2011.

**SO ORDERED,**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**